[No. 16978.    Department Two.    March 15, 1922.]

ALEX PALTRO, *Respondent,* v. AETNA CASUALTY & SURETY COMPANY, *Appellant.*[1]

GARNISHMENT (23-26)—PROCEEDINGS TO PROCURE—BOND. Rem. Code, § 680, authorizing writs of garnishment in an action where an original attachment has been issued (in which case the plaintiff must have executed an attachment bond), without requiring any garnishment bond, must be construed as in *pari materia* with the attachment law; and renders the surety on the attachment bond liable for the wrongful issuance of a writ of garnishment in aid of the attachment; otherwise the law would authorize a garnishment without the security of any bond.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered July 5, 1921, upon findings in favor of the plaintiff, in an action on an attachment bond, tried to the court. Affirmed.

*A. B. Comfort, J. Speed Smith,* and *Henry Elliott, Jr.,* for appellant.

*Boyle & Boyle,* for respondent.

PARKER, C. J., The plaintiff, Paltro, seeks recovery of damages suffered by him, which he claims are

[1]Reported in 204 Pac. 1044.

secured by an attachment bond executed by the defendant, Aetna Casualty & Surety Company. Trial upon the merits and submission of the cause to the superior court without the aid of a jury, resulted in findings and judgment in favor of Paltro, from which the surety company has appealed to this court.

There is, we think, no room for serious controversy as to what we deem to be the controlling facts of this case. They may be summarized as follows: In November, 1920, Rudolph Skuija and wife commenced an action in the superior court for King county, seeking recovery of damages in the sum of $1,500 for personal injuries claimed to have been suffered by Mrs. Skuija as the result of an assault made upon her by Paltro. Immediately following the commencement of that action, Skuija applied for a writ of attachment therein, and to that end filed in the case his affidavit, in usual form, alleging as cause for attachment that Paltro "committed an assault and battery upon the plaintiff Anna Skuija by beating and bruising her about the body;" being in substance the same allegation for cause of action made in the complaint in that action. A bond for attachment, in usual form, was thereupon filed in the case, executed by Skuija and wife as principals, and by the surety company as surety. Thereupon a writ of attachment was issued in the case, commanding the sheriff to attach property of Paltro and hold the same to satisfy any judgment that might be recovered against him therein. No real property, nor personal property capable of manual delivery, was levied upon under the writ of attachment; but soon thereafter there was issued in the case a writ of garnishment against the Scandinavian-American Bank, requiring it to answer as to what amount, if any, it was indebted to Paltro; which writ

was applied for by Skuija and wife, and issued, upon
the sole ground that an original attachment had been
issued in the action, no additional bond being given or
required by our garnishment statute, as we shall pres-
ently notice.   The writ of garnishment was duly served
upon the bank.   This resulted in the sum of $2,395.99,
owing by the bank to Paltro as a deposit, being
garnished and held by the bank, so that he was pre-
vented from withdrawing any part thereof pending
the action; and by reason of the insolvency of the
bank occurring pending the action, he has at all times
since then been prevented from withdrawing any por-
tion thereof.   The trial in that action upon the merits
resulted in a judgment in favor of Paltro, denying to
Skuija and wife any recovery, and the dissolution and
setting aside of the attachment and garnishment.
Thereafter this action was commenced against the
surety company, seeking recovery upon the attach-
ment bond in the sum of $2,395.99, claimed as damages
resulting to Paltro because of the wrongful issuance
of the attachment and garnishment which prevented
him from withdrawing any part thereof from the
bank.   At the conclusion of the trial of this action,
the court found, among other things:

."That said attachment was wrongfully, oppres-
sively and maliciously sued out by the said Rudolph
Skuija and Anna Skuija, his wife, and with no rea-
sonable or probable cause to believe the grounds on
which the same was issued to be true, and that by
reason of the suing out of said attachment, this plain-
tiff has been damaged in the full sum of $2,395.99,
which sum the said Rudolph Skuija and wife and the
defendant herein have failed, neglected and refused
to pay."

We do not find in the record any exception to this
finding.   In any event, it seems to be well supported

by the evidence. Judgment was rendered in favor of Paltro and against the surety company accordingly; and by consent of Paltro there was embodied in the judgment, as the concluding paragraph thereof, the following:

"It is further ordered, adjudged and decreed, That the defendant, Aetna Casualty and Surety Company, be and it hereby is, subrogated to any and all right, title and interest of the said plaintiff, Alex Paltro, in and to that certain deposit and account of the said Alex Paltro in the Scandinavian-American Bank of Tacoma, which account and deposit is in the sum of $2,395.99."

This was made a part of the judgment, evidently in view of the probability that dividends would at some time be awarded upon the garnished deposit. From this disposition of the cause in the superior court, this appeal is prosecuted by the surety company.

The principal contention here made in behalf of the surety company, and the only one we deem worthy of serious consideration, is that the surety company is not liable upon this attachment bond. The argument is, in substance, that an attachment bond does not secure to a defendant any damages resulting to him from the issuance and service of a writ of garnishment in the same action in which the attachment is issued, though the sole ground for the issuance and service of the writ of garnishment be the previous issuance of a writ of attachment. Our present attachment statute, apart from its garnishment provisions, has remained unchanged, in so far as we are here concerned with its provisions, as enacted by the legislature of 1886 [Rem. Code, § 647 *et seq.* (P. C. § 7379); Laws of 1886, p. 39]. Among the grounds of attachment necessary to be shown by affidavit to be made by or on behalf of the plaintiff is that of

damages "for injuries arising from the commission of some felony." Rem. Code, § 648 (P. C. § 7380), subd. 9. This evidently was the ground relied upon to procure the attachment here in question. Under the attachment statute of 1886, garnishment was effected by service upon a debtor of the defendant of a copy of the writ of attachment, together with an appropriate notice of garnishment. The legislature of 1893 enacted the present garnishment statute, which in effect superseded the garnishment provisions of the attachment statute. Laws of 1893, p. 95; Rem. Code, § 680 et seq. (P. C. § 7999). We note certain provisions of this later garnishment statute, referring to the sections of the act of 1893, as follows:

"Section 1. The clerks of the superior courts in the various counties in the state may issue writs of garnishment returnable to their respective courts in the following cases:

"1. Where an original attachment has been issued in accordance with the statutes in relation to attachments.

"2. Where the plaintiff sues for a debt and makes affidavit that such debt is just, due and unpaid, and that the garnishment applied for is not sued out to injure either the defendant or the garnishee. . . .

"Sec. 2. In the case mentioned in subdivision two of the preceding section the plaintiff shall execute a bond with two or more good and sufficient sureties, to be approved by the clerk issuing the writ, payable to the defendant in the suit, in double the amount of the debt claimed therein, conditioned that he will prosecute his suit and pay all damages and costs that may be adjudged against him for wrongfully suing out such garnishment."

Now it is at once apparent that no bond other than the original attachment bond is required to secure the issuance of a writ of garnishment under subd. 1, above quoted, the manifest reason of this part of the statute

being because a bond would necessarily have already been given to procure the writ of attachment, which attachment bond and writ of attachment become the sole foundation of the right to have issued a writ of garnishment in the case, the latter writ being merely supplemental to and in aid of the writ of attachment. If this be not a correct view of the law, then we have the almost unthinkable condition of the law authorizing the issuance of a writ of garnishment for all of the causes enumerated in the attachment statute, without the necessity of giving any bond to secure damage which the defendant in the principal action might suffer by reason of the wrongful suing out of a writ of garnishment, based on an attachment, pending the action. When we view the history of this legislation relating to attachment and garnishment, it is apparent that these two laws must now be read *in pari materia.* As is well said in the text of 36 Cyc. 1147, quoted with approval by Judge Tolman in *State ex rel. American Piano Co. v. Superior Court,* 105 Wash. 676, 178 Pac. 827:

" 'Statutes *in pari materia* are those which relate to the same person or thing, or to the same class of persons or things. In the construction of a particular statute, or in the interpretation of any of its provisions, all acts relating to the same subject, or having the same general purpose, should be read in connection with it, as together constituting one law. The endeavor should be made, by tracing the history of legislation on the subject, to ascertain the uniform and consistent purpose of the legislature, or to discover how the policy of the legislature with reference to the subject-matter has been changed or modified from time to time.' "

We are of the opinion that subd. 1, § 1, of the garnishment statute of 1893 (Laws of 1893, p. 95), authorizing garnishment when an original attachment has

been issued, should not be construed apart from our attachment law, but should be construed as in aid of an attachment already issued, and in that sense as a part of our attachment law. It follows that the surety company, when it executed this attachment bond as surety, became liable for all damages which might result to Paltro from the issuance and service of the writ of garnishment here in question, as well as all damages which might result to him from the issuance and service of the original writ of attachment.

The judgment is affirmed.

HOLCOMB, MAIN, MACKINTOSH, and HOVEY, JJ., concur.